UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

VS.                     NO. 4:06CR000409    JMM

ROBERT DEWAYNE BOLDEN

### ORDER

Pending are defendant Robert DeWayne Bolden's Motion to Sever and Motion for Discovery. For the reasons stated below, the motion to sever is denied (#41) and the Motion for Discovery is dismissed as moot (#42).

Bolden is one of two defendants charged in both counts of a two count indictment with possession of 50 grams or more of cocaine base and with conspiracy to possess 50 grams or more of cocaine base.

Bolden contends that if his trial is not severed he will be prejudiced because (1) his co-defendant has been convicted of dealing in controlled substances on at least two other occasions and Bolden has no such convictions; (2) the jury will transfer the government's evidence against his co-defendant to him; (3) the search warrant was executed upon his co-defendant's residence; and (4) the defenses of the two defendants are not common and each may be prejudiced in his ability to present his defense.

The government responds that (1) there is only an assumption that his co-defendant's criminal history will be presented to a jury and such an assumption is insufficient to show clear prejudice; (2) evidence will be presented that both defendants occupied the apartment at the time of the search warrant; and (3) there is nothing complicated about the anticipated evidence which would preclude the jury from compartmentalizing the evidence as to each defendant.

"To grant a motion for severance, the necessary prejudice must be severe or compelling."

*United States v. Liveoak*, 377 F.3d 859 (8th Cir. 2004) (citations omitted).   This is because "a joint trial gives the jury the best perspective on all of the evidence and, therefore, increases the likelihood of a correct outcome." *United States v. Darden*, 70 F.3d 1507, 1528 (8th Cir. 1995). A defendant can demonstrate real prejudice to his right to a fair trial by showing (a) his defense is irreconcilable with that of his co-defendants or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants. *United States v. Jackson*, 64 F.3d 1213, 1217 (8th Cir.1995).

      Defendant has failed to show that evidence of guilt of his co-defendant will be prejudicial to his case or that his defense is irreconcilable with that of his co-defendant.   There is nothing before the Court which reflects that a jury will be unable to compartmentalize the evidence against these defendants and there is nothing complex or confusing about the expected proof in this case.

      Defendant's Motion for Discovery seeks information that has already been addressed by the Court's Pre-Trial Discovery Order of December 12, 2006.   The purpose of the Court's Pre-Trial Discovery Order is to make motions of this type unnecessary.   The Court's Order clearly contemplates that the defendant makes a discovery request to the government and the government  denies the request in contravention of the applicable law before a motion should be filed.   Defendant's motion does not state that he has been denied any discovery requests.

      IT IS SO ORDERED this   1   day of May, 2006.

                                                              James M. Moody
                                                             United States District Judge