**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                                                          **4:06CR00409 JMM**

**ROBERT BOLDEN**

**ORDER**

Pending is the Defendant's Motion to Compel and Motion to Suppress. The Government has responded. For the reasons set forth below, the Motion to Suppress and the Motion to Compel are DENIED.

On December 6, 2006, Defendant Robert Bolden and Laverne Smith were indicted for knowingly possessing 50 grams or more of cocaine base and voluntarily and intentionally conspiring to possess 50 grams or more of cocaine base. During the pendency of these charges, Mr. Smith died. The Defendant asks the Court to suppress all statements made by co-defendant Laverne Smith, the contents of Mr. Smith's home and any evidence that was discovered as a result of the investigation of Smith's statements.

The Government has responded that it does not intend to offer any statements of Mr. Smith, if they exist, because they would be clearly inadmissible. However, the Government objects to the suppression of any drug evidence found as the result of the execution of a search warrant at Smith's apartment because Bolden had no legitimate expectation of privacy in the apartment or in the plastic bag he threw into the closet of Smith's apartment.

On March 30, 2005, agents of the First Judicial District Drug Task Force executed a search warrant on the residence of Lavern Smith. As the officers neared the bedroom of the residence, the door quickly shut and the officers were denied entry. Once the officers gained

entry into the room, they found the Defendant and Mr. Smith.  According to the Officer's Report, the Defendant tossed something in the closet area of the bedroom and Smith threw a large plastic bag out of the bedroom window.  The bag thrown by the Defendant was identified as a plastic bag containing several off-white, rock like substances which field-tested positive for cocaine base.  The large plastic bag tossed out the window by Smith contained a large piece of off-white rock like substance which also field-tested positive fo cocaine base.  The officers also found a plate on top of the dresser containing a razor blade and an off-white rock like substance which field-tested positive for cocaine base.  A search of the living room area revealed other items consistent with drug activity.  (Gov. Ex. C.)

      The Defendant gives two reasons for the suppression of the evidence found at Smith's residence: 1) the search warrant did not include him; and 2) there is no nexus between the Defendant and the drugs allegedly found in Smith's house.  The Defendant's written statement explains that he "stopped by to see if Smith wanted to go to Otha's [sic] Rowe's Lounge to shoot pool. . . ."   (Gov. Ex. F.)

      After a thorough review of the record and relevant law, the Court finds that the Defendant had no legitimate expectation of privacy in Mr. Smith's apartment.  As the Court found in *Sturgis*, a defendant "visiting another's apartment for a short time to package cocaine had no legitimate expectation of privacy in that apartment, so that the Fourth Amendment provided defendants no protection." *U.S. v. Sturgis,*  238 F.3d 956, 958 (8th Cir. 2001)*(*citing *Minnesota v. Carter*, 525 U.S. 83, 90-91 (1998)).   Even assuming the Defendant was not engaging in the commercial activity of packaging cocaine base at Smith's residence, "a visitor usually lacks a rightful expectation of privacy when present in the home of another-unless the visitor stays overnight." *Sturgis,* 238 F.3d at 958 (citing *Carter*, 525 U.S. at 89-91 and

*Minnesota v. Olson*, 495 U.S. 91, 98-99 (1990)).  The Defendant admitted that he was a visitor at Smith's residence.  There was no indication that he had stayed or was planning to stay the night there.  Based upon the evidence, the Court finds that the Defendant's Motion to Suppress is DENIED.

It appears that the Government, by its Response, has agreed to comply with, or exceed, the requirements of Rule 16 of the Federal Rules of Civil Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, and other applicable discovery law.  The Government is hereby ordered to provide what it has agreed to do in its Response.  Otherwise, Defendant's discovery motion is DENIED.  Both parties are encouraged to exchange information, to the extent feasible, to help insure a fair trial, and to avoid delays during trial which can be caused by relying upon the strict requirements of discovery law.

In conclusion, the Defendant's Motion to Suppress (Docket # 68) and Defendant's Motion to Compel (Docket # 67) are DENIED.

IT IS SO ORDERED this 25th day of June, 2008.

_____
James M. Moody
United States District Judge