**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**              **CASE NO. 4:06CR00409 JMM**

**ROBERT DEWAYNE BOLDEN**

**ORDER**

On October 30, 2008, defendant was sentenced to 60 months confinement in the Bureau of Prisons based upon his guilty plea to violation of 21 U.S.C. § 841(a)(1). At sentencing defendant requested release from custody for a period of time to attend to his personal and business affairs.

The Bail Reform Act of 1994, mandates detention for persons found guilty of crimes encompassed in § 3142(f)(1)(A), (B), and (C) which are, respectively, crimes of violence, offenses with maximum sentences of life in prison or death, and drug offenses carrying maximum sentences of ten or more years. *See* 18 U.S.C. § 3143(b)(2). By statute, defendant's sentence must not be less than 5 years and not more than 40 years. *See* 841(b)(1)(B)(iii). Based upon the statutory maximum of 40 years, defendant is subject to mandatory detention. *See* 18 U.S.C. § 3143(b)(2).

A person subject to mandatory detention pursuant to § 3143(b)(2) who meets the conditions of release set forth in § 3143(b)(1), however, may be ordered released, under appropriate conditions, by the judicial officer, "if it is clearly shown that there are exceptional

reasons why such person's detention would not be appropriate." See 18 U.S.C. § 3145(c).  Even if the Court found that defendant met the requirements set forth in § 3143(b)(1), he has not shown that "exceptional reasons" exist; thus, he is not eligible for release under § 3145(c).

For these reasons, defendant's request for release is denied.

IT IS SO ORDERED THIS   31   day of   October  , 2008.


_____
James M. Moody
United States District Judge