IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                        4:06-CR-000409-01-JMM

**ROBERT DEWAYNE BOLDEN**

**ORDER**

Pending is Defendant's Motion to Reduce Sentence (Doc. No. 106). Defendant requests a reduction of his sentence under 18 U.S.C. § 3582(c)(2), based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008. After reviewing the case, the Court finds that the Defendant is not entitled to a reduction of his sentence.

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.[1] The Defendant pled guilty to possession of cocaine base with intent to distribute, a violation of Title 21, United States Code, Section 841(a)(1,) which has a statutory minimum sentence of five (5) years imprisonment. The Defendant's Guidelines range, as stated at his sentencing, was 37 to 46 months imprisonment. However, because the statutory minimum overrides the Guidelines range, the Defendant was sentenced under the statute to the mandatory minimum sentence of five years imprisonment. In this situation, the reduction of sentence based upon the retroactive amendment to the Guidelines does not reduce the Defendant's sentence. *See U.S. v. Byers,* 561 F.3d 825 (8th Cir. 2009).

Accordingly, Defendant's Motion to Reduce Sentence (Doc. No. 106) is DENIED.

---

[1] *See* U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement) (March 3, 2008).

1

2

IT IS SO ORDERED this 28th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE